1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY PUTNAM BAKKE,

          Plaintiff,

  v.

TOM TOPAUM,

          Defendant.

CASE NO. 3:16-CV-05598-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: October 14, 2016

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On September 16, 2016, Plaintiff Jeremy Putnam Bakke filed a motion titled "Violation of Waiver of the Service of Summons, Rule 12 of Federal Rules of Civil Procedure. 'Default'" ("Motion"). Dkt. 11. Plaintiff requests the Court enter default and default judgment based on Defendant's late filing of his Answer. *Id*. As Defendant timely filed the Answer, the Court recommends the Motion be denied.

**DISCUSSION**

      "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). Under Local Civil Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend." "After the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Put another way, 'an entry of default is a prerequisite to a default judgment under Rule 55(b).'" *Hausken v. Lewis*, 2014 WL 2440360, *2 (W.D. Wash. May 30, 2014) (*quoting Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991)).

On July 11, 2016, the Court ordered service of Plaintiff's Complaint, which names Tom Topaum as the sole Defendant. *See* Dkt. 5, 6. The docket reflects the Clerk's Office mailed a service packet to Defendant on July 11, 2016. The Court gave Defendant 30 days to return the waiver of service; if Defendant returned the waiver, he would have 60 days from the date the waiver was sent to file an answer or other responsive pleading. Dkt. 8. Defendant filed a Waiver of the Service of Summons on July 21, 2016. *Id*. As Defendant returned the waiver of service, he had 60 days from July 11, 2016 (the date the wavier was sent) to file an answer or other responsive pleading. *See id*. On September 9, 2016, Defendant filed the Answer. Dkt. 9.

Plaintiff argues Defendant filed his Answer one day late, asserting the Answer was due September 8, 2016. Dkt. 11. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, when computing time, if the period is stated in days, "exclude the date of the event that triggers the period[.]" Therefore, in this case, the 60 day period to file an answer began to run July 12, 2016 and expired September 9, 2016. Accordingly, Defendant's September 9, 2016 Answer was timely filed.

**CONCLUSION**

As Defendant's Answer was timely filed, the Court recommends Plaintiff's Motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 14, 2016 as noted in the caption.

Dated this 27th day of September, 2016.

David W. Christel
United States Magistrate Judge